UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. HENRY,<br><br>             Plaintiff,<br><br>     v.<br><br>MIRANDA, et al.,<br><br>             Defendants. | 1:16-cv-00458-EPG (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF NO. 16)<br><br>THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT |

### I.   BACKGROUND

Plaintiff, Kenneth R. Henry ("Plaintiff"), is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 1, 2016. (ECF No. 1). Plaintiff filed a First Amended Complaint ("FAC") on November 4, 2016 (ECF No. 16), which is now before the Court for screening.

Plaintiff has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) and no other parties have made an appearance. (ECF Nos. 3, 8). Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

///

## II. SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## III. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Although Plaintiff asserts various legal claims and conclusions, Plaintiff's factual allegations appear to be that on approximately March 29, 2015, Plaintiff was admitted to an emotional and mental crisis bed at Chino State Prison for around 10 days. Plaintiff's mental crisis stemmed from his job at the E-yard kitchen in the California Substance Abuse Treatment

Facility and State Prison, Corcoran. Plaintiff received two false write-ups on the job before going to the crisis center. Before Plaintiff was sent to the crisis center he repeatedly asked Defendant Miranda, who is a counselor, for help to be removed from his job at the E-yard kitchen. Defendant Miranda refused to help or remove Plaintiff from the E-yard kitchen.

When Plaintiff returned from the crisis center, Plaintiff saw a prison classification committee. Defendant Miranda was present. Plaintiff pleaded not to return to his job post at third-watch kitchen. He requested any job except third-watch kitchen duty. However, a week or two later, Plaintiff received a work ducat to return to the E-yard kitchen, third watch.

When Plaintiff returned to E-yard kitchen duty, he had only 83 days until his parole date. Plaintiff believes he was placed at that job duty in order to get him involved in a physical fight, which would be used against him at this parole hearing. In particular, Plaintiff claims that Defendant supervisors Torres and Luna were conspiring against him. Plaintiff made approximately 85 complaints asking to be removed from E-yard kitchen duty, but it did not help. Plaintiff received multiple false write-ups in his last 93 days before his parole date. The false write-ups resulted in Plaintiff being denied parole.

Plaintiff claims that all this took place because Plaintiff wrote various 602 complaints against staff and all three defendants. Plaintiff was also singled-out because Plaintiff was an old black man and said hello to white and Mexican female staff.

Plaintiff names as defendants his counselor, Miranda, correctional officer Torres, and free cook Luna.

**IV.   ANALYSIS OF PLAINTIFF'S CLAIMS**

For the reasons described below, Plaintiff fails to state a viable section 1983 claim. The placement in a work assignment, even over Plaintiff's strenuous and well-founded objections, does not state a violation of the constitution. Plaintiff's allegations about retaliation for filing grievances comes close to stating a claim, but would require more facts demonstrating the basis for believing that the adverse action was due to Plaintiff filing grievances. Plaintiff fails to state a claim for violation of the equal protection clause because he alleges no facts that show that the reason he was placed on E-yard Kitchen duty despite his protests or given allegedly

false write-ups was because he is an African-American. Finally, because Plaintiff has not stated a cognizable claim under federal law the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims.[1]

### A.   42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which

---

[1] The Court is not making a determination about the viability of Plaintiff's state law claims.

the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

### B. No Constitutional Right to Certain Work

The Due Process Clause of the Fourteenth Amendment "does not create a property or liberty interest in prison employment," [although] racial discrimination in the assignment of jobs violates equal protection. *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (internal citations omitted). "General limitation of jobs and educational opportunities is not considered punishment." *Baumann v. Arizona Dept. of Corrections*, 754 F.2d 841, 846 (9th Cir. 1985). The Supreme Court has held that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes,* 427 U.S. 236, 242, (1976).

Plaintiff accuses Defendants of putting Plaintiff into a work assignment over his strenuous objections. This alone does not state a violation of the constitution. Additionally, Plaintiff's allegations that Defendants put him in a work assignment in order to instigate further conflict does not state a constitutional violation and would require impermissible oversight into prison authorities' decisions. What Plaintiff describes may have violated prison regulations or may state a claim under a state law (in addition to being a very mean thing to do), but it does not state a violation of the United States Constitution.

### C. Equal Protection Clause

The equal protection clause requires that persons who are similarly situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985); *Shakur v. Schiriro*, 514 F.3d 878, 891 (9th Cir. 2008). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of plaintiff's

membership in a protected class, *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 702-03 (9th Cir. 2009); *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, *Engquist v. Oregon Dept. of Agr.*, 553 U.S. 591, 601-02 (2008); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008); *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).

While Plaintiff alleges racism, he alleges no facts that show that the reason he was placed on E-yard Kitchen duty despite his protests or given allegedly false write-ups was because he is an African-American. Plaintiff also fails to allege facts that show that he was treated differently from similarly situated individuals. Accordingly, Plaintiff fails to state a claim for violation of the equal protection clause.

### D.     No Constitutional Right to be Free From Being Falsely Accused

"The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986); *Dunaway v. California Dep't of Corr. & Rehab.*, No. 1:14-CV-1718-BAM, 2015 WL 3992554, at *5 (E.D. Cal. June 30, 2015); *Penton v. Huber*, No. 2:11-CV-3319-GEB-KJN, 2013 WL 1156501, at *9 (E.D. Cal. Mar. 19, 2013), *report and recommendation adopted*, No. 2:11-CV-3319-TLN-KJN, 2013 WL 2403477 (E.D. Cal. May 31, 2013), *aff'd sub nom. Penton v. Simms*, No. 15-15461, 2016 WL 5115390 (9th Cir. Sept. 21, 2016). So, while issuing false write-ups may violate prison regulations or some other law (in addition to being another very mean thing to do), it is not a violation of the United States Constitution.

### E.     Cruel and Unusual Punishment

One claim that Plaintiff repeatedly raises is cruel and unusual punishment under the Eighth Amendment of the Constitution. But under the law described below, Plaintiff's allegations do not reach the standard for unconstitutional cruel and unusual punishment.

Prison officials violate the Eighth Amendment's prohibition against cruel and unusual

punishment when they deny humane conditions of confinement with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L.Ed. 2d 811 (1994). To state a claim for such an Eighth Amendment violation, an inmate must show both objective and subjective components. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). The objective component requires an "objectively insufficiently humane condition violative of the Eighth Amendment" which poses a substantial risk of serious harm. *Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996). The subjective component requires prison officials acted with the culpable mental state, which is "deliberate indifference" to the substantial risk of serious harm. *Farmer*, 511 U.S. at 837-38; *Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

Plaintiff's allegations of being forced to work in the kitchen duty over his numerous objections and despite serious conflicts with kitchen staff do not rise to the inhuman conditions that constitute cruel and unusual punishment.

### F.     Retaliation

Allegations of retaliation against a prisoner's First Amendment rights may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); *accord Watson v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff alleges that "all this evilness have took place against petitioner Henry because Petitioner was single-out by prison staff for writing 602s complaints against staff and all three defendants." Plaintiff also alleges that he was singled out for saying hello to female staff. Plaintiff does not explain why he believes that Defendants acted based on either reason.

If Plaintiff received an adverse job position based on filing 602 grievances, that could support a claim for retaliation based on the law cited above. But Plaintiff's complaint does not contain sufficient facts to find a claim at this time because it does not give any factual basis for claiming that Plaintiff was given kitchen duty or given false write-ups in retaliation for filing complaints. Nor does Plaintiff claim that defendants have chilled his exercise of his First Amendment rights. The Court will provide leave to amend so Plaintiff can determine if facts exist to support such a claim.

### G.     State Law Claims

Plaintiff alleges various state law claims, including violation of California Civil Code § 52.1 (commonly known as the Bane Act), false imprisonment, negligence, and intentional infliction of emotional distress.

Plaintiff is informed that violation of state tort law or other state law is not sufficient to state a claim for relief under section 1983. To state a claim under section 1983, there must be a deprivation of federal constitutional or statutory rights. *See Paul v. Davis*, 424 U.S. 693 (1976). Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367. As Plaintiff's FAC does not state a cognizable claim for relief under federal law, the Court may not exercise supplemental jurisdiction over Plaintiff's state law claims at this time.

### V.     CONCLUSION AND ORDER

The Court has screened Plaintiff's FAC and finds that it fails to state a cognizable claim against any defendant. The Court will allow Plaintiff to file a second amended complaint if he believes that he can plead additional facts that would state a claim under the law explained above. Otherwise, the Court will dismiss Plaintiff's case.


Should Plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal,* 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 9th Cir. 2002).  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *Iqbal*, 556 U.S. at 677.  Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  *Jones*, 297 F.3d at 934 (emphasis added).  Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims.  Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation.  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff has **thirty (30) days** from the date of service of this order to file a second amended complaint;

4. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:16-cv-00458; and

5. <u>Failure to comply with this order will result in the dismissal of this action</u>.

IT IS SO ORDERED.

Dated: **December 1, 2016**      /s/ *Erica P. Grosjean*
                                 UNITED STATES MAGISTRATE JUDGE