UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH R. HENRY,<br><br>           Plaintiff,<br><br>     v.<br><br>MIRANDA, et al.,<br><br>           Defendants. | 1:16-cv-00458-EPG (PC)<br><br>ORDER DISMISSING ACTION<br>(ECF NO. 23)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO<br>28 U.S.C. § 1915(g)<br><br>ORDER DIRECTING CLERK TO CLOSE<br>CASE |

**I.     BACKGROUND**

Kenneth R. Henry ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983, which includes state law claims.[1]  Plaintiff filed the Complaint commencing this action on April 1, 2016.  (ECF No. 1). Plaintiff filed a First Amended Complaint ("FAC") on November 4, 2016 (ECF No. 16), which was dismissed with leave to amend (ECF No. 18).   Plaintiff filed a Second Amended Complaint ("SAC") on December 27, 2016 (ECF No. 19), which was dismissed with leave to amend.  (ECF No. 20).  Plaintiff filed a Third Amended Complaint ("TAC") on March 22, 2017, which is now before the Court for screening.

Plaintiff has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF Nos. 3, 8), and no other parties have made an appearance.  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the

---

[1] It does not appear that Plaintiff included state law claims in his Third Amended Complaint.

1

undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

In the Court's first screening order in this case, the Court found that that the First Amended Complaint failed to state a cognizable § 1983 claim against any defendant. (ECF No. 18).  The Court notified Plaintiff that placement in a work assignment, even over Plaintiff's strenuous and well-founded objections, does not state a violation of the constitution.  Plaintiff's allegations about retaliation for filing grievances did not state a claim absent additional facts demonstrating the basis for Plaintiff's belief that the adverse action was due to Plaintiff filing grievances.  Plaintiff failed to state a claim for violation of the equal protection clause because he alleged no facts that showed that the reason he was placed on E-yard Kitchen duty despite his protests or given allegedly false write-ups was because he is an African-American.  Finally, because Plaintiff had not stated a cognizable claim under federal law, the Court could not exercise supplemental jurisdiction over Plaintiff's state law claims.  The Court did not make a determination about the viability of Plaintiff's state law claims.  The Court provided legal standards for claims under the due process clause, the equal protection clause, the Eighth Amendment and the First Amendment, and gave Plaintiff leave to amend.

In the Court's second screening order in this case, the Court found that Plaintiff once again failed to state a cognizable section 1983 claim. (ECF No. 20).  The SAC focused less on Plaintiff's E-yard Kitchen duty and more on the retaliation and conspiracy claims, but once again the complaint lacked sufficient facts that would demonstrate that any adverse action was due to Plaintiff filing grievances.  Because Plaintiff had not stated a cognizable claim under federal law, the Court could not to exercise supplemental jurisdiction over Plaintiff's state law claims.  The Court did not make a determination about the viability of Plaintiff's state law claims.  The Court once again provided Plaintiff with the applicable legal standards, and gave Plaintiff leave to amend.

The TAC does not contain any new factual allegations.  In fact, the section containing Plaintiff's factual allegations is one paragraph long, as follows:

> On 7-17-15 Plaintiff Henry 8th and 14th Amendments was grossly violated by all three defendants (Miranda, Torres, and Luna) to cruel and unusual punishment to cause great harm in a maliciously and sadistically way. Plaintiff receive five false write-ups accusations that was done in retaliation for Plaintiff exercising of his constitutional rights. Plaintiff allege the false write-ups and the adverse job position were given to Plaintiff in retaliation for written complaints against defendants and saying hello to female staff.

(ECF No. 23, at p. 3). For the reasons stated in previous orders, and because this statement lacks facts supporting the legal conclusions, these allegations do not state a claim for violation of constitutional law.

Accordingly, the Court finds that Plaintiff's TAC fails to state a claim upon which relief may be granted under § 1983. Because Plaintiff has failed to state a claim under federal law, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims (although it does not appear that Plaintiff's TAC included any state law claims in this version of the complaint).

The Court will not give Plaintiff further leave to amend. After providing ample guidance, the Court has twice granted Plaintiff leave to amend the complaint. Plaintiff has now filed three complaints[2] without stating any claims upon which relief may be granted under § 1983. The Court finds that Plaintiff cannot cure the deficiencies outlined above and in the two prior screening orders by amendment, and therefore will not grant further leave to amend. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's § 1983 claims will be dismissed with prejudice, because Plaintiff failed to state a claim upon which relief may be granted. Because the Court has declined to exercise supplemental jurisdiction over Plaintiff's state law claims, to the extent that Plaintiff attempted to assert state law claims in his TAC, the Court will dismiss those claims without prejudice.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. This action is DISMISSED pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii);
2. Plaintiff's § 1983 claims are dismissed with prejudice;

---

[2] Plaintiff has filed four complaints, but the original complaint was never screened.

3. Plaintiff's state law claims are dismissed without prejudice;

4. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  <u>Coleman v. Tollefson</u>, 135 S. Ct. 1759, 1763 (2015); and

5. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:  **March 31, 2017**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE